CITED *in Bergen Turnpike Co.* v. *State*, 1 *Dutch.* 555.

---

THE STATE (Abr. H. Brokaw, prosecutor), v. JAMES E. BERGEN.

1. The fact of a surveyor of highways having acted once in that capacity in laying out a highway, does not disqualify him for acting in a similar capacity under a subsequent appointment to lay out a road over the same route.

2. It is not good ground to set aside a return, that the witness who proved

the putting up of the notices was sworn by an officer, who was present, acting as counsel for the applicant.

3. The question whether a road is necessary or not, is not examinable upon *certiorari*.

This was a *certiorari* to Somerset Common Pleas to reverse the proceedings of that court and of surveyors of the highways, in the matter of laying out a public road.

The case was argued before OGDEN and POTTS, Justices.

Mr. *Ransom* for plaintiff in *certiorari*.

Mr. *Diltz* for defendant.

POTTS, J. Surveyors of the highways having vacated a certain road in the township of Hillsborough, Somerset county, and laid out another road, as appears by the map, along the same line of route, a few feet from the middle of the old road, and the Court of Common Pleas having set the return aside, this *certiorari* is brought to review that decision.

A state of the case agreed upon by the counsel of the respective parties, presents the questions intended to be raised for the consideration of this court.

The first ground of objection to the return taken before the Pleas was, that some of the surveyors who made the return had, in 1851, acted in a similar capacity, and had then laid out a road over the same ground, which was afterwards set aside. No objection, it appears, was taken to these surveyors at the time of their appointment; and it was too late to take it after the applicants had incurred all the trouble and expense of having the road laid out and return made. The court to whom application for the appointment of surveyors is made, may refuse to appoint any surveyor, who, for *any reason*, which in their discretion they shall deem sufficient, they think ought not to be appointed, (*Rev. Stat.* 515, § 2); but the surveyors whose appointment is now complained of were not disqualified by the provisions of the statute. It was, as we are informed in the brief of counsel,

upon this ground—that the court below set aside the return, and in this they erred.

But it is insisted that the order setting the return aside is right for another reason, to wit, that at the meeting of the surveyors, the witness who testified to the putting up of the notices was sworn by John V. Voorhees, Esq., a master in chancery, and who was at the time of administering the oath, present in the capacity of, and acting as counsel for the applicants for the road. This was doubtless an irregularity. It has repeatedly been so held—*Den* v. *Gieger*, 4 *Hal.* 225 ; *Elmer's Dig.* 65, *Dallas* v. *Jeffers*—but this rule has been adopted as matter of policy and propriety merely. The oath so administered was nevertheless binding upon the witness, and his evidence was legal. No substantial injustice was done, and we are unwilling to say the return should have been set aside for this cause.

As to the questions whether the road vacated was *unnecessary*, or the road laid *necessary*, we cannot look into these here upon *certiorari*.

Let the order of the Common Pleas be set aside.

OGDEN, J., concurred.